IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1778-JLK-MEH

SHARON SANDOVAL,

    Plaintiff,
           v.

STELLAR RECOVERY, INC., a Florida corporation,

    Defendant.

_____

ORDER ON MOTION FOR ATTORNEY FEES (Doc. 19)
_____

Kane, J.,

    The Plaintiff filed an action under the Fair Debt Collection Practices Act and accepted an Offer of Judgment for $1,000.01 plus costs and reasonable attorney fees. Judgment was entered thereon on November 13, 2015. As such, Plaintiff is the prevailing party. The fee-shifting provision of the FDCPA is based on sound congressional reasons the essence of which is to provide otherwise impecunious consumers with legal representation and hence access to the courts that would otherwise be nearly impossible to secure. Thus, the amount of attorney fees awarded in these cases is based on the number of hours reasonably expended multiplied by a reasonable hourly rate rather than a percentage of the amount recovered. The value of the litigation, as it were, is determined by the fulfillment of the statute's purpose rather than any amount recouped.

    Of course, the determined fee is subject to adjustment in the light of exceptional circumstances. Awards of attorney fees based on statutory schemes that do not share this congressionally determined social purpose are therefore not comparable to the amount to be

awarded in the case at bar.  *See Anchondo v. Anderson, Crenshaw & Associates, LLC*, 616 F.3d 1098 (10th Cir. 2010).

Fee awards in FDCPA cases decided previously in this district are collectively indicative of what is generally accepted as being reasonable.  I have issued some of those awards and have reviewed those made by my colleagues.  Plaintiff's counsel has asked that the reasonable hourly rate in this case be set at $300.  The Defendant counters, however, that $250 is more reasonable.  The latter rate was usual in this district for about the last seven years without any upward adjustment until July 2013, when Judge Martinez determined that an increase was justified.  So, too, Senior Judge Babcock in November, 2015, increased the reasonableness amount to $300.

While I certainly think that $250 was a fair rate to pay Plaintiff's counsel seven years ago, the amount was not etched in granite.  In the interim, this subject counsel in this case has established himself quite clearly as an expert in the field of consumer law.  He has appeared for plaintiffs in many cases, argued in a number of appeals before the Tenth Circuit and indeed in one of those cases made the Hajj to the Supreme Court of the United States.  That he has lectured and enrolled in numerous continuing legal education courses and seminars devoted to consumer law, and participated in other related professional activities, also suggests that an increase in the reasonable hourly rate for his services is justified.  Perhaps more to the point, the presence of such experienced counsel is of great benefit to the court.  His proficiency and sophistication decrease the need for judicial involvement in the quiddities of clumsy pleading and thoughtless motion practice.  Perhaps most importantly, his acquired ability to determine the value of cases significantly reduces the expense of prolonged and aimless discovery.

I have read the affidavit of the Defendant's expert, but frankly I find it more peevish than

probative. His affidavit states that he has represented many defendants in FDCPA cases, but noticeably does not disclose that he has ever represented a plaintiff in such a case. To give an opinion about what constitutes due diligence and effort in representing the opposite side in these cases is not very persuasive because he has not walked in those moccasins along that path. To state the matter more plainly, the affidavit is not much more than an exercise in *ipse dixit*.

On the other hand, Plaintiff's expert has given a detailed history of awards in this district and in the state courts. He, too, specializes in consumer law and has represented many plaintiffs in this court and elsewhere. He has expressed an informed opinion of the reputation and stature of the Plaintiff's attorney in the consumer law legal community both locally and nationally. He has examined counsel's billing records line-by-line and found the time spent consistent with similar cases and reasonable for the work expended. I have made a similar examination of the records submitted and find the time billed is neither wasteful nor inefficient. While the nature of FDCPA law is not complex, there are numerous decisions issuing with inexorable regularity that a competent practitioner must read and consider. Moreover, the difficulty, as I perceive it from presiding over a number of these cases, lies more with factual investigation and determination. The nuances of language in which both the consumer and the credit agent engage and often the email traffic and record examination require evaluation that one without the necessary expertise cannot perform.

In sum, I am persuaded that the Plaintiff has met her burden and established quite clearly that attorney fees should be awarded in the amount requested. I find no evidence of puffing hours or "running the meter." I find the time expended by counsel to be reasonable, as is the requested rate of $300 per hour. Accordingly, Plaintiff's Motion for Attorney Fees (Doc. 19) is

GRANTED.  I award Plaintiff a total of $4,131.00 in attorney fees, which shall be added to the Judgment of $1001.01, plus the Costs taxed by the Clerk in the amount of $470.00, plus post-judgment interest.

Dated this 7th Day of January, 2016.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE